**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3890-21

J.S.,

    Plaintiff-Appellant,

v.

M.S.,

    Defendant-Respondent.

_____

Submitted October 18, 2023 – Decided August 2, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0270-09.

Jardim, Meisner & Susser, PC, attorneys for appellant (Jessica R. Sprague, on the briefs).

Dolan & Dolan, PA, attorneys for respondent (Catherine Anne Gacquin, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff J.S. appeals from an order denying his motion to terminate or modify his alimony obligation to defendant M.S.[1] Perceiving no abuse of discretion, we affirm.

The parties were married in 1976, had two children who are now emancipated, and divorced in 2010 by way of a dual judgment of divorce that incorporated the parties' April 28, 2010 marital settlement agreement (MSA). In the MSA, plaintiff agreed to pay defendant $7,000 per month in alimony. Defendant permanently waived her interest in plaintiff's fifty-percent ownership of four separate companies, including his office-furniture business, Installation Concepts, LLC. The MSA stated plaintiff's alimony obligation was based on "the average of [his] annual gross salary of $296,000 and no income attributable to [defendant]." His "income [was] calculated by adding his base salary of $184,000 to a three[-]year average of distributions of $112,333" from his company. The MSA included the following clause: "Both parties have the right to seek modification of [plaintiff]'s alimony obligation based on changed circumstances, as detailed in Lepis v. Lepis, 83 N.J. 139 (1980), and

_____

[1] We use initials to protect the parties' privacy given our discussion about plaintiff's purported income as reported in part in his Family Case Information Statements submitted to the court pursuant to Rule 5:5-2. See R. 1:38-3(d)(1) (excluding from public access "Family Case Information Statements required by [Rule] 5:5-2").

Morris v. Morris, 263 N.J. Super. 237 (App. Div. 1993), and/or as provided by relevant statute or caselaw."

On February 10, 2022, plaintiff moved to terminate or alternatively modify his alimony obligation "based on a substantial change of circumstances," to schedule discovery and a plenary hearing "[i]f required," and for an award of counsel fees.[2] He asserted he had "suffered a substantial change of circumstances in [his] income" and that his fifty-percent share of a business he owned with a partner had "continued to go down in value, especially since the start of the pandemic." In his certification, plaintiff described his business as "office furniture installation" and stated he did not "ever expect [the] business to recover in light of the work from home revolution occurring."

In support of the motion, plaintiff submitted his certification, the MSA, case information statements (CISs) he had prepared in 2009 and 2022, and his 2019 and 2020 tax returns. Plaintiff's 2009 CIS shows his gross earned income as $162,095 for 2008. The 2022 CIS shows plaintiff's gross earned

---

[2] Plaintiff also moved to terminate his obligation to maintain life insurance for defendant's benefit. Defendant agreed to that requested relief, and the motion judge denied that aspect of the motion as "moot."

A-3890-21

income as "($152,880)"[3] for 2020 and $99,999 for 2021. Plaintiff's 2019 tax return shows a gross adjusted income of $235,256, a salary of $126,100, and no Social Security benefits. His 2020 tax return shows a negative gross adjusted income of $152,880, a salary of $92,561, and $23,661 in Social Security benefits. Plaintiff certified that in 2020 he had "received no distributions directly," but that his estimated taxes had been paid. According to plaintiff, because he did not owe any taxes in 2020, $46,151 was returned to him in 2021.

Plaintiff did not produce business information tax returns for 2019 or 2020. Instead, he provided Installation Concepts, LLC's profit and loss statements for 2020, 2021, and the first two months of 2022. The 2020 statement shows a net loss of $290,701, and the 2021 statement shows a net income of $448,022 and $727,147 of Paycheck Protection Program (PPP) loan forgiveness. Plaintiff asserted that those PPP funds were "actually paid out in 2020." According to plaintiff, his base salary had been reduced to $99,999 per year.

---

[3] We understand plaintiff intended to indicate a negative gross income for 2020 by placing parentheses around $152,880. That intention may not have been clear to the judge, who stated plaintiff had set forth in the CIS an income of $152,880 in 2020. But even with that error, the judge recognized the undisputed decrease in plaintiff's income. Her decision was not based on the amount of the decrease but on its temporary nature.

4

Plaintiff certified he was then sixty-seven-years old and was receiving approximately $3,000 in Social Security income each month. He assumed defendant was receiving $1,500 in Social Security income each month. He stated his "understanding that [defendant] has an obligation to help improve her own situation with the anticipation that [he] would retire one day. While [he was] not yet at full retirement, but plan[ned] to be by the age of 70, [his] financial circumstances have very clearly changed."

Defendant opposed the motion and cross-moved for a counsel fee award. In her certification, she calculated plaintiff's 2021 income based on his submission to be at least $359,000, considering his $99,999 salary, $36,000 in Social Security income, and $224,000 from his fifty-percent share of the business. She asserted plaintiff's income for 2019 and 2021 was higher than the income on which his alimony obligation had been based and that 2020 was an anomaly due to the COVID-19 pandemic.

In his reply certification, plaintiff asserted the $448,022 profit shown on the company's 2021 profit and loss statement was "loan forgiveness" and not actual funds to be distributed to him and his partner. He urged the court to take "judicial notice of the extreme changes that have affected [the commercial office furniture] industry based upon the COVID-19 pandemic." Plaintiff attached two

articles to his certification. One article was published by Vox on March 23, 2021, and was entitled "10 Ways Office Work Will Never Be the Same," and the other article was published by Gallup on October 13, 2021, and was entitled "Remote Work Persisting and Trending Permanent." He also attached the 2022 year-to-date profit and loss statement for the business, asserting the "pandemic materially affected our ability to earn money based upon what we do."

Plaintiff's counsel began her oral argument by asserting plaintiff's "business has taken a downturn during the pandemic." During her argument, she mentioned plaintiff "intend[ed] to retire no later than the age of seventy." She ended her argument by stating again that plaintiff had "suffered a substantial change in circumstances for his business." During her argument, defendant's counsel stated plaintiff's "application was not based on . . . his desire to retire. It was based on a change of circumstances due to the nature of what's going on with the business. In fact, in his certification, he says he doesn't plan on retiring until age seventy." In reply, plaintiff's counsel asserted retirement was part of plaintiff's application and that plaintiff was approaching retirement age.

After hearing argument, the Family Part judge denied plaintiff's motion and both parties' fee applications in a July 6, 2022 order with an attached

6

statement of reasons. Finding plaintiff had not established a showing of changed circumstances "at this point in time," the judge held:

> While the court notes that there has been a decrease in reported income, a reduction in income is only one part of the calculus. Plaintiff argues that the reason for the decrease in income is due to the work from home revolution. The court notes that there has been more virtual work due in large part to the COVID-19 pandemic. While we are only two years out from the outbreak, which was followed by a period of lockdown, it is uncertain how exactly the workplace will continue to operate. The court notes the Plaintiff's Exhibit A of his Reply Certification, which is an article indicating the changes in the workforce; however, that article itself is not pro[of] that the workplace has changed to remote work permanently. The court cannot make an assumption on a permanent change in the workforce based on a news article.

On appeal, plaintiff argues the judge erred in "determining that two years was only temporary in addressing changed circumstances," in not addressing his "prospective retirement as a change in circumstances," and in not granting his fee application. We disagree and affirm.

Our review of a Family Part judge's findings is limited. We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Under that deferential standard of review, we are bound to uphold a finding that is

7

supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the [court] clearly abused [its] discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012).

That deference applies to a Family Part judge's decision regarding a motion to amend a marital-support obligation. Cardali v. Cardali, 255 N.J. 85, 107 (2023); see also Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) ("Whether [a support] obligation should be modified . . . rests within a Family Part judge's sound discretion."). Thus, a Family Part judge's decision regarding a support obligation should not be disturbed unless "the court made findings inconsistent with the evidence or unsupported by the record, or erred as a matter of law." Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013). We review questions of law de novo. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

Matrimonial agreements "are essentially consensual and voluntary in character and therefore entitled to considerable weight with respect to their validity and enforceability notwithstanding the fact that such an agreement has been incorporated in a judgment of divorce." Bermeo v. Bermeo, 457 N.J. Super. 77, 83 (App. Div. 2018) (quoting Petersen v. Petersen, 85 N.J. 638, 642 (1981)). However, a trial court retains the equitable power to modify support

provisions in an MSA. See Lepis, 83 N.J. at 145; Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 514 (2019); see also N.J.S.A. 2A:34-23 (support orders "may be revised and altered by the court from time to time as circumstances may require").

"The party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support . . . provisions" in an MSA. Landau v. Landau, 461 N.J. Super. 107, 118 (App. Div. 2019) (quoting Lepis, 83 N.J. at 157). Therefore, when an obligor "is seeking modification of an alimony award, that party must demonstrate that changed circumstances have substantially impaired the ability to support [themselves]." Lepis, 83 N.J. at 157. Support modification applications must consider the parties' incomes from all sources, earned and unearned. Miller v. Miller, 160 N.J. 408, 421-23 (1999).

"Courts have consistently rejected requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred." Lepis, 83 N.J. at 151; see also Donnelly v. Donnelly, 405 N.J. Super. 117, 128 (App. Div. 2009). The moving party must demonstrate a permanent change in circumstances from those existing when the prior support award was fixed. See Donnelly, 405 N.J. Super. at 127-28. "There is . . . no brightline rule by which to measure when a changed circumstance has endured long enough to

warrant a modification of a support obligation." Larbig, 384 N.J. Super. at 23. "'[W]hat constitutes a temporary change in income should be viewed more expansively when urged by a self-employed obligor,' as here, who is 'in a better position to present an unrealistic picture of his or her actual income than a W-2 earner.'" Donnelly, 405 N.J. Super. at 128-29 (quoting Larbig, 384 N.J. at 23).

We are satisfied the judge did not abuse her discretion in finding plaintiff had established only a temporary change in circumstances. The focus of plaintiff's motion was the downturn in revenue his office-furniture business had suffered since the start of the COVID-19 pandemic and plaintiff's belief the office-furniture business would not recover "in light of the work from home revolution occurring." But he filed his motion less than two years after Governor Philip D. Murphy had first declared a public health emergency existed because of the COVID-19 pandemic, see Exec. Order No. 103 (Mar. 9, 2020), 52 N.J.R. 549(a) (Apr. 6, 2020), and almost a month before the Governor lifted the last declared public health emergency related to COVID-19, see Exec. Order No. 292 (Mar. 7, 2022), 54 N.J.R. 511(a) (Apr. 4, 2022). See also Larbig, 384 N.J. at 22 (viewing a twenty-month period in a change-of-circumstances application as temporary). No doubt plaintiff's business, like so many others, experienced a downturn in business revenue as a result of the pandemic, but we

agree with the judge that two articles are not enough to support a finding of a permanent change in workforce behavior or in an industry. Thus, we perceive no abuse of discretion in the judge's determination plaintiff failed to establish change of circumstances based on the COVID-19 pandemic and its impact on his business that warranted a modification of his alimony obligation.

"An income reduction resulting from a 'good faith retirement' after age sixty-five is a well-recognized change of circumstances event." Landers v. Landers, 444 N.J. Super. 315, 320 (App. Div. 2016) (quoting Silvan v. Sylvan, 267 N.J. Super. 578, 581 (App. Div. 1993)). With the 2014 amendment to the alimony statute, N.J.S.A. 2A:34-23, the Legislature added a new subsection (j), which permits alimony to be "modified or terminated upon the prospective or actual retirement of the obligor" and lists objective factors to be considered by a judge when reviewing a modification motion based on retirement. N.J.S.A. 2A:34-23(j); see also Landers, 444 N.J. Super. at 321. Paragraph (3) of subsection (j) governs a court's review of a request to modify or terminate an alimony award "[w]hen a retirement application is filed in cases in which there is an existing final alimony order or enforceable written agreement established prior to the [September 10, 2014] effective date of this act . . . ." N.J.S.A. 2A:34-23(j)(3); see also Amzler, 463 N.J. Super. at 200.

Plaintiff faults the judge for not addressing his prospective retirement as a change in circumstances. The problem with that argument is that it wasn't clear from his motion that he was seeking a modification based on his retirement. "A motion . . . shall be [made] by notice of motion . . . [and] shall state . . . the grounds upon which it is made and the nature of the relief sought . . . ." R. 1:6-2(a). In his notice of motion, plaintiff indicated he was seeking a termination or modification of his alimony obligation based on "a substantial change of circumstances"; he didn't say his motion was based on an anticipated, future change of circumstances. Rule 1:6-2(a) also requires a moving party to submit a proposed form of order. We don't know what relief he may have specified in his proposed form of order because he did not include a copy of it in the appellate record.

Plaintiff points out that he referenced in his certification his plan to retire at age seventy. But that's all that he said. He didn't say if he would continue to own fifty-percent of the office-furniture business or any of the other businesses in which he had an ownership interest, if he planned to sell his ownership interests in those businesses, if he would continue to receive a share of any profits of those businesses, if those businesses would continue to exist after his retirement, or if he intended to work in any full-time, part-time, or consulting

12

capacity for any of those businesses. A vague reference to a plan to retire at some future age with no other information isn't enough to support a modification of alimony. Granting a modification of alimony based on the scant information provided by plaintiff would have been an abuse of discretion.

Whether to award attorney's fees rests within the discretion of the trial judge. McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007). A Family Part judge's decision to grant or deny attorney's fees in a family action will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). We discern no reason to disturb the judge's denial of plaintiff's fee application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3890-21